PER CURIAM.
Appellants, the parents of D.D.W., J.R.W. and G.G.W., appeal the trial court’s termination of their parental custody rights and permanent commitment of the children to the Department of Health and Rehabilitative Services. They argue the trial court erred in failing to grant their motion for appointment of counsel since they are indigent. We agree and reverse.
The Florida Supreme Court in In Interest of D.B., 385 So.2d 83 (Fla.1980), held indigent parents have a constitutional right to counsel in dependency hearings where the proceedings can result in permanent loss of parental custody. However, the United States Supreme Court recently held that the Constitution does not require the appointment of counsel for indigent parents in every parental status termination proceeding. Lassiter v. Department of Social Services of Durham County, N.C., - U.S. -, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981).
Although we acknowledge the Florida Constitution may provide greater guarantees than does the United States Constitution, a reading of In Interest of D.B., supra, does not reveal whether the Florida Constitution provides greater guarantees for the right to counsel in dependency cases. Nevertheless, on the authority of In Interest of D.B., supra, we reverse and remand.
However, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the following question to the Florida Supreme Court to be of great public importance:
Does the Florida Constitution require the appointment of counsel to indigent parents in every parental status termination proceeding?
McCORD, BOOTH and SHIVERS, JJ., concur.